**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| PRIMERICA LIFE INSURANCE | | |
| COMPANY, | * | |
| | | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.: GJH-14-01202** |
| | * | |
| LESLIE P. ZAPATA, ET AL. | | |
| | * | |
| **Defendants.** | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

On April 11, 2013, Plaintiff Primerica Life Insurance Company ("Primerica") filed an

interpleader complaint naming Defendants Leslie Zapata, Nancy Zapata, Susana Zapata, Antoine

Hughes, Jennifer Hughes, Deborah Williams-Lofton as next friend of MBL ("MBL"), and

Sandra Foote (collectively, "Defendants") as potential beneficiaries of Lester Foote's $1,500,000

life insurance policy. *See* ECF No. 1. The interpleader complaint was filed pursuant to 28 U.S.C.

§ 1335, requesting the Court order Defendants to answer and present their claims to the proceeds

of Lester Foote's life insurance policy. *See id.* Sandra Foote and MBL have filed amended

counterclaims against Primerica for breach of contract, negligence, and estoppel. *See* ECF No.

46; *see also* ECF No. 48. Primerica has filed a motion to dismiss these claims. *See* ECF No. 49.

Also pending on the Court's docket is an unopposed motion to intervene filed by Sandra Foote,

in her capacity as the Personal Representative for the Estate of Lester Foote ("the Estate"). *See*

ECF No. 65. The time for opposing that motion has passed. *See* Loc. R. 105.2(a) (Md.) This

Memorandum Opinion and accompanying Order address Primerica's motion to dismiss and the

Estate's motion to intervene. The Court finds that a hearing is unnecessary. *See id.* at 105.6. For

the reasons stated below, both motions are GRANTED.

## I.        BACKGROUND

On January 5, 2002, Lester Foote completed an application for a $1,500,000 life

insurance policy (the "Policy") from Primerica. *See* ECF No. 48-1 at ¶¶ 12-13. On the

application, Lester Foote designated his daughters, Leslie P. Pineda (now Leslie Zapata), Nancy

A. Pineda (now Nancy Zapata), Susana R. Pineda (now Susana Zapata), Jennifer J. Hughes, and

his son, Antoine L. Hughes, as principal beneficiaries. *See* ECF No. 1-3 at 10. Under the Policy,

each daughter was entitled to receive $250,000 upon Lester Foote's death and his son was

entitled to $200,000. *See id.* Lester Foote also named his goddaughter, MBL, as a principal

beneficiary in the 2002 application, entitling her to $100,000 in proceeds from the Policy. *See id.*

When Lester Foote completed the 2002 application, he indicated on the application that this

beneficiary designation was irrevocable. *See id.* at ¶ 14. Pursuant to the terms of the policy, a

beneficiary designated as irrevocable on an application "may not be changed except with the

written consent of that Beneficiary." *Id.*

On December 17, 2010, Lester Foote attempted to change the original beneficiaries of his

Policy by submitting a Policy Change Application through his Primerica agent.  The change

would have removed Lester Foote's children as original beneficiaries and would have instead

named Sandra Foote, his second wife, as a new principal beneficiary. *See* ECF No. 1-4 at 6.

MBL would have remained a principal beneficiary. *See id.* Based on the Policy Change

Application, MBL would have continued to receive $100,000, the amount Lester Foote

previously designated for MBL in the 2002 application, and Sandra Foote would have received

$1,400,000, the remaining proceeds of the Policy. *See* ECF No. 46 at ¶ 18. The Policy Change

Application, however, did not have the signatures of the original beneficiaries, who, according to the Policy, were required to provide their written consent in order for their beneficiary status to be changed. *See id*; *see also* ECF No. 1-3 at 10.  Despite sending an acknowledgment letter to Lester Foote that it had received the Policy Change Application (*see* ECF No. 46 at ¶ 19), Primerica never informed him that the requested changes would not be processed due to the lack of consent from the original beneficiaries. *See id.* at ¶ 20; *see also* ECF No. 1 at ¶ 18.

Ultimately, Lester Foote died on December 26, 2013. *See* ECF No. 1 at ¶ 19. Following his death, all of the Defendants informed Primerica that they believed they were entitled to a portion of the $1,500,000 death benefit. *See id.* at ¶ 20. Believing that the various claims to Lester Foote's death benefit were hostile and conflicting, Primerica filed the instant interpleader complaint so that the Defendants could present their claims to the proceeds of the Policy.

In their respective answers to Primerica's interpleader complaint, Sandra Foote and MBL raised identical counterclaims against Primerica. *See* ECF No. 46; *see also* ECF No. 48. Specifically, they have sued Primerica for breach of contract, negligence, and estoppel. *See* ECF No. 46 at ¶¶ 23-54; *see also* ECF No. 48 at ¶¶ 23-52.  In essence, they contend that Primerica was negligent and breached the Policy by failing to inform Lester Foote that he could not change the beneficiaries without the consent of the original beneficiaries and by failing to inform him that his Policy Change Application had not been processed. *See* ECF No. 46 at ¶¶ 23-44; *see also* ECF No. 48 at ¶¶ 23-44. Additionally, Sandra Foote and MBL contend that Primerica should be "estopped from denying that the Policy Change Application was not effective." ECF No. 46 at ¶ 54; *see also* ECF No. 48 at ¶ 53. For the reasons stated below, Sandra Foote and MBL have failed to state viable claims for breach of contract, negligence, and estoppel.

3

## II.    STANDARD OF REVIEW

Primerica moves this Court to dismiss Sandra Foote's and MBL's amended counterclaims for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). "'[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint' and not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)). In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Generally, when ruling on a 12(b)(6) motion, the court assumes that the facts alleged in the complaint are true and draws all reasonable factual inferences in the nonmoving party's favor. *Edwards*, 178 F.3d at 244. A complaint need not provide "detailed factual allegations," but it must "provide the grounds of [the plaintiff's] entitlement to relief" with "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

## II.      DISCUSSION

### A.      Breach of Contract[1]

Sandra Foote and MBL separately claim that Primerica breached the Policy by (1) failing "to inform Lester Foote that he could not change the beneficiaries without the consent of the original beneficiaries"; (2) failing "to process the change of beneficiaries requested by Lester Foote"; and (3) by failing "to inform Lester Foote th[a]t it had not processed the change of beneficiaries he requested . . . ." ECF No. 46 at ¶¶ 28-30; *see also* ECF No. 48 at ¶¶ 28-30. These allegations, however, are insufficient to state a claim for breach of contract.

To state a claim for breach of contract under D.C. law, a plaintiff must allege "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009). First, MBL's breach of contract claim fails because she has not identified a specific duty arising out of the contract that Primerica breached. Although MBL alleges generally that Primerica breached its duty (1) to inform Lester Foote that he could not change the beneficiaries without the consent of the original beneficiaries, (2) to process Lester Foote's change of beneficiaries, and (3) to inform Lester Foote that the change had not been processed

---

[1] As this Court has diversity jurisdiction over this action, Maryland choice of law rules apply. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *see also CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009). "In insurance contract cases, Maryland courts generally follow the rule of *lex locus contractu*, which requires that the construction and validity of a contract be determined by the law of the state where the contract is made." *Roy v. Nw. Nat'l Life Ins. Co.*, 974 F.Supp. 508, 512 (D. Md. 1997). "For choice-of-law purposes, a contract is made where the last act necessary to make the contract binding occurs." *Roy*, 974 F.Supp. at 512 (citing *Sting Sec., Inc. v. First Mercury Syndicate, Inc.*, 791 F.Supp. 555, 558 (D. Md. 1992)). Generally, "[t]he *locus contractu* of an insurance policy is the state in which the policy is delivered and the premiums are paid." *Aetna Cas. & Sur. Co. v. Souras*, 552 A.2d 908, 911 (1989). In the instant action, it is undisputed that the Policy was originally issued in Washington, D.C. and that the premiums were paid from Mr. Foote's home in Washington, D.C. *See* ECF No. 49-1 at 5. Accordingly, Washington, D.C. law applies to Sandra Foote's and MBL's breach of contract claims.

(*see* ECF No. 48 at ¶¶ 28-30), the Policy contained no such obligations. *See* ECF No. 1-3. "Obviously, one cannot breach a contract without breaching a particular obligation created under the contract, and thus, 'in the absence of a contractual obligation . . . [Primerica] could not have breached [the] contract." *Schoen v. Consumers United Group, Inc.,* 670 F.Supp. 367, 378 (D.D.C. 1986). Therefore, by failing to identify a specific duty under the Policy that Primerica breached, MBL has failed to state a claim for breach of contract. *See Logan v. LaSalle Bank Nat. Ass'n*, 80 A.3d 1014, 1023-24 (D.C. 2013) (affirming dismissal of breach of contract claim where the plaintiff has failed to "identif[y] . . . a governing contractual provision" that was breached); *see also Coon v. Wood*, No. 13-1400, 2014 WL 4647713, at *4 (D.D.C. Sept. 18, 2014) (dismissing breach of contract claim where the plaintiff has not identified any "obligation or duty arising out of the contract" that the defendant breached).

Sandra Foote's breach of contract claim also fails. "An insurance policy establishes a contractual relationship between the company and its policy holder." *Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1087 (D.C. 2008). Here, the policy holder was Lester Foote and the insurance company was Primerica. Because Sandra Foote was not a party to the Policy, she lacks standing to bring an action for breach of contract, unless, of course, she was an intended third-party beneficiary of the Policy, which she was not.[2] *See Modem Ice Equipment and Supply Co. v. Snow Park USA, LLC*, No. 10-134, 2011 WL 3515862 at *3 (W.D.N.C. Aug. 11, 2011) ("A party that is not in privity to a contract lacks standing to bring an action for breach of the contract.") (*citing Brewer v. Nat'l Indem. Co.*, 363 F.3d 333, 337 (4th Cir. 2004)); *see also CMFG Life Ins. Co. v. Schell*, No. 13-3032, 2014 WL 7365802, at *5 (D. Md. Dec. 22, 2014).

---

[2] This is distinct from MBL, who, unlike Sandra Foote, was designated as an irrevocable beneficiary in the original Policy application, and therefore has standing as a third-party beneficiary to bring suit for breach of contract.

It is clear that "[o]ne who is not a party to a contract [] may [nonetheless] sue to enforce its provisions if the contracting parties intend the third party to benefit directly thereunder." *W. Union Tel. Co. v. Massman Constr. Co.*, 402 A.2d 1275, 1277 (D.C. 1979). To obtain this third party beneficiary status, however, "[b]oth contracting parties must intend a direct benefit which the third party can enforce against the promisor for classic third-party liability." *Scott v. Burgin*, 97 A.3d 564, 566 (D.C. 2014) (citing *Fort Lincoln Civic Ass'n v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1064 (D.C. 2008)).

Sandra Foote, who was not a party to the Policy, has not pled any facts that would allow the Court to conclude that Lester Foote and Primerica – the contracting parties – intended for her to benefit directly under the Policy. Indeed, when Lester Foote completed his 2002 Policy application, he designated Leslie Pineda, Nancy Pineda, Susana Pineda, Antoine Hughes, Jennifer Hughes, and MBL as the principal beneficiaries. *See* ECF No. 1-2 at 4. In doing so, he made sure to designate these beneficiaries as irrevocable. *See id.* That is, neither Lester Foote nor anyone else could change a beneficiary designation without the written consent of that beneficiary. *See* ECF No. 1-3 at 10 ("A Beneficiary designated irrevocably on [Primerica's] records may not be changed except with the written consent of that Beneficiary."). Accordingly, at the time the Policy was issued in 2002, the only people Lester Foote and Primerica intended to benefit from the Policy were the irrevocable beneficiaries – namely, Leslie Pineda, Nancy Pineda, Susana Pineda, Antoine Hughes, Jennifer Hughes, and MBL. Because Lester Foote did not designate Sandra Foote as an irrevocable beneficiary when the Policy was issued in 2002, it cannot be said that both contracting parties – Lester Foote and Primerica – intended for Sandra

Foote to benefit directly from the Policy. *See Scott*, 97 A.3d at 566. Sandra Foote therefore lacks

standing to bring a breach of contract claim against Primerica.[3]

### B.  Negligence[4]

Next, Sandra Foote and MBL separately contend that Primerica was negligent by failing

to process Lester Foote's change of beneficiary form. *See* ECF No. 46 at ¶¶ 36-44; *see also* ECF

No. 48 at ¶¶ 34-42. To state a prima facie claim in negligence, a plaintiff must allege facts

demonstrating "(1) that the defendant was under a duty to protect the plaintiff from injury, (2)

that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4)

that the loss or injury proximately resulted from the defendant's breach of the duty."

*Muthukumarana v. Montgomery Co.*, 370 Md. 447, 486, (2002) (quoting *Valentine v. On Target,*

*Inc.*, 353 Md. 544, 549 (1999) (citations omitted)). Sandra Foote and MBL have failed to satisfy

their prima facie case.

Specifically, Sandra Foote and MBL do not allege that Primerica was under a duty to

protect them from injury; instead, they allege that Primerica was under a duty to protect *Lester*

*Foote* from injury. *See* ECF No. 48 at ¶ 40 ("Primerica negligently *failed to satisfy its duty to*

---

[3] Even if Sandra Foote was a third-party beneficiary of the Policy, her breach of contract claim would fail for the same reasons that MBL's breach of contract claim fails – namely, Sandra Foote has failed to allege a specific duty arising out of the contract that Primerica breached. *See* ECF No. 46 at ¶¶ 28-30.

[4] In contrast to the contract claim, Sandra Foote's and MBL's negligence claim is governed by Maryland law. "Maryland adheres to the *lex loci delicti* rule in analyzing choice of law problems with respect to causes of action sounding in tort." *Ben-Joseph v. Mt. Airy Auto Transporters, LLC*, 529 F.Supp.2d 604, 606 (D. Md. 2008) (citing *Erie Ins. Exch. v. Heffernan*, 925 A.2d 636, 648-49 (Md. 2007)). Under this conflict of laws principle, "the place of the tort is considered to be the place of injury." *Philip Morris Inc. v. Angeletti*, 752 A.2d 200, 231 (Md. 2000) (citing Restatement (First) of Conflict of Laws § 377 (1934)). "Where the events giving rise to a tort action occur in more than one state, the court must apply the law of the State where the injury – the last event required to constitute the tort – occurred." *Ben–Joseph*, 529 F.Supp.2d at 606 (internal quotation and citation omitted). Here, the parties appear to agree that the last event required to constitute the tort occurred in Maryland. *See* ECF No. 49-1 at 4-5; *see also* ECF No. 51 at 10. Therefore, Maryland law applies.

*inform Lester Foote* that he could not change the beneficiaries without the consent of the original

beneficiaries."); *id.* at ¶ 41 ("Primerica negligently *failed to satisfy its duty to process the change*

*of beneficiaries requested by Lester Foote* in the Policy Change Application."); *id.* at ¶ 42

("Primerica negligently *failed to satisfy its duty to inform Lester Foote* that it had not processed

the change of beneficiaries he requested in the Policy Change Application.") (emphases added);

*see also* ECF No. 46 at ¶¶ 40-42. For purposes of a negligence action, however, a plaintiff must

plead facts that would plausibly suggest that the defendant was under a duty to protect the

*plaintiff* from injury. Here, however, MBL and Sandra Foote have pled facts that suggest that

Primerica was only under a duty to protect *Lester Foote* – a third party – from injury. *See* ECF

No. 51 at 6. That is not the relevant inquiry for purposes of stating a negligence claim. The Court

must therefore dismiss MBL's and Sandra Foote's negligence claims. *See Villenouze v.*

*Primerica Life Ins. Co.*, No. 11-0099, 2011 WL 4479699, at *5 (D. Md. Sept. 26, 2011)

(dismissing negligence claim brought by plaintiff – the former wife of the policyholder – against

an insurance company for failure to allege a  duty and recognizing that plaintiff "may not rely on

[the insurer's] duty to [the policyholder] to satisfy this element").[5]

　　Furthermore, to the extent MBL brings her negligence claim on the basis that Primerica

breached its duty to her as a third-party beneficiary of the Policy, that attempt would also fail.

"Under Maryland law, [] an insurance agent generally owes no duty in tort to a third-party

beneficiary of a life insurance policy." *Colden v. W. Coast Life Ins. Co.*, No. 12-1691, 2013 WL

---

[5] The Court is not persuaded by Sandra Foote's and MBL's reliance on *Zitelman v. Metro. Ins.*
*Agency*, 482 A.2d 426 (D.C. 1984) and *Int'l Bhd. of Teamsters v. Willis Corroon Corp. of*
*Maryland*, 802 A.2d 1050, 1057 (Md. 2002). In both of these cases, the plaintiffs affirmatively
alleged that the insurance companies had breached a duty to the plaintiffs. Here, however, MBL
and Sandra Foote have, at most, alleged that the insurance company breached its duty to a third-
party.  *Zitelman* and *Willis Corroon* are therefore inapposite.

1164922, at *6 (D. Md. Mar. 19, 2013). Accordingly, MBL's negligence claim fails as a matter of Maryland law.

### C.    Estoppel[6]

Count III of Sandra Foote's and MBL's amended counter-complaint is a claim for equitable estoppel. *See* ECF No. 48 at ¶¶ 45-54; *see also* ECF No. 46 at ¶¶ 45-54. Specifically, Sandra Foote and MBL allege that Primerica must be "estopped from denying that the Policy Change Application was not effective." ECF No. 48 at ¶ 53; *see also* ECF No. 46 at ¶ 53. Equitable estoppel precludes a party from asserting its rights when, by "voluntary conduct," it causes another person to "in good faith rel[y] on such conduct, and [that person is] led thereby to change his position for the worse." *Cunninghame v. Cunninghame*, 772 A.2d 1188, 1201 (2001). In Maryland, however, "the doctrine of equitable estoppel[,] [although it] can be used as a defense to a claim or to avoid a defense, [is] not [] a basis for an affirmative cause of action." *Catholic Univ. of Am. v. Bragunier Masonry Contractors, Inc.*, 775 A.2d 458, 475 (2001) *aff'd sub nom. Bragunier Masonry Contractors, Inc. v. The Catholic Univ. of Am.*, 368 Md. 608, 796 A.2d 744 (2002); *see also Sav-A-Stop Servs., Inc. v. Leonard*, 410 A.2d 603 (1980), *aff'd*, 424 A.2d 336 (1981); *Cogan v. Harford Mem'l Hosp.*, 843 F. Supp. 1013, 1021 (D. Md. 1994). Thus, Sandra Foote's and MBL's claim for equitable estoppel must be dismissed as a matter of law.

Even if Sandra Foote and MBL could affirmatively state a claim for estoppel, they have not done so here. A party claiming estoppel against a private party must establish four elements in order to raise and sustain a defense of estoppel: "(1) the party to be estopped knew the true

---

[6] Sandra Foote and MBL have characterized Count III as a general claim for "estoppel." The Court notes, however, that there are various forms of estoppel in legal jurisprudence, including judicial estoppel, equitable estoppel, and promissory estoppel. Upon reviewing Sandra Foote's and MBL's pleadings, it appears as though they intended to raise a claim for "equitable estoppel." *See* ECF No. 51 at 8. The Court will therefore treat Count III as a claim for equitable estoppel.

facts; (2) the party to be estopped intended for his conduct to be acted upon or acted in such a way that the party asserting estoppel had a right to believe that it was intended; (3) the party claiming estoppel was ignorant of the true facts; and (4) the misconduct was relied upon to the detriment of the parties seeking estoppel." *Austin v. Winter*, 286 F. App'x 31, 37-38 (4th Cir. 2008). Because all four prongs must be established, the Court need not discuss all four elements; rather, it is enough to say that both MBL and Sandra Foote have failed to plead facts sufficient to satisfy the fourth element.

The fourth element of equitable estoppel requires that the alleged misconduct "was relied on to the detriment of the parties seeking estoppel." *Id.* Here, the parties seeking estoppel are MBL and Sandra Foote. Yet, in their amended counterclaims, neither MBL nor Sandra Foote alleges that they relied on the alleged misconduct of Primerica; instead, they allege that Lester Foote relied on this alleged misconduct. *See* ECF No. 48 at ¶ 48 ("*Lester Foote reasonably relied* on the acknowledgement of the Policy Change Application he received from Primerica to reasonably believe that the beneficiaries of the Primerica Policy had been changed to MBL and Sandra Foote."); *see* ECF No. 46 at ¶ 50 (same); *see* ECF No. 48 at ¶ 49 ("*Lester Foote reasonably relied* on Primerica's failure to inform him that the Policy Change Application was not effective and would not be processed to reasonably believe that the beneficiaries of the Primerica Policy had been changed to MBL and Sandra Foote.") (emphases added); *see* ECF No. 46 at ¶ 51 (same). In essence, MBL and Sandra Foote are once again attempting to raise claims on behalf of Lester Foote, instead of in their individual capacities. For this additional reason, the Court must also dismiss their equitable estoppel claim.

### D.      Motion to Intervene

Finally, the Court must briefly address the motion to intervene filed by Lester Foote's

Estate. *See* ECF No. 65. As an initial matter, the Court notes that the Estate's motion to intervene

is unopposed. The Court will therefore grant the Estate's motion to intervene on that basis alone.

*See Hospira, Inc. v. Burwell*, No. GJH-14-02662, 2014 WL 4182398, at *1 (D. Md. Aug. 19,

2014) (granting unopposed motion to intervene). In any event, the Estate has independently

satisfied the requirements for intervention as of right of Fed.R.Civ.P 24(a).

Under Fed.R.Civ.P. 24(a)(2), a party may intervene by right upon a showing, by timely

motion, that the party:

> claims an interest relating to the property or transaction that is the
> subject of the action, and is so situated that disposing of the action
> may as a practical matter impair or impede the movant's ability to
> protect its interest, unless existing parties adequately represent that
> interest.

Fed.R.Civ.P. 24(a)(2). As such, Rule 24(a) mandates a showing by the moving party that: (1) the

application is timely; (2) the movant has an interest in the subject matter of the action; (3)

disposition of the action may practically impair or impede the movant's ability to protect that

interest; and (4) that interest is not adequately represented by the existing parties. *See Newport*

*News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n.*, 646 F. 2d 117, 120 (4th

Cir. 1981). Here, the Estate has satisfied all four elements of the rule, such that intervention as of

right is warranted. *See* ECF No. 65 at 3-5.  The Court will therefore grant the Estate's unopposed

motion to intervene.[7]

---

[7] Having granted the motion to intervene, it is now possible that the Estate can bring its own
claims against Primerica for breach of contract and negligence, should it seek leave to file an
amended complaint-in-intervention and should such leave be granted.

**IV.     CONCLUSION**

For the reasons stated above, the Court will grant Primerica's motion to dismiss Sandra

Foote's and MBL's amended counterclaims and will grant the Estate's motion to intervene.


Dated: <u>March 16, 2015      </u>                    <u>          /S/              </u>
                                                    George Jarrod Hazel
                                                    United States District Judge